IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WAVERLY PLACE AT MADISON SOMERSET APARTMENT MANAGEMENT, </br></br>     Plaintiff, </br></br> v. </br></br> REBA GUERRIER, </br></br>     Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 5:17-CV-1989-UJH-VEH |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

Defendant Reba Guerrier ("Ms. Guerrier"), who is representing herself, filed a Notice of Removal (doc. 1) (the "Notice") on November 28, 2017, and an Amended Notice of Removal (doc. 5) (the "Amended Notice") on November 29, 2017. Ms. Guerrier's efforts to remove relate to DV-2012-901347, an action filed by Plaintiff Waverly Place at Madison Somerset Apartment Management ("Waverly Place") in the District Court of Madison County that has apparently proceeded to judgment in state court. (*See* Doc. 5 at 4 (attaching Order entered on October 26, 2017, denying

Ms. Guerrier's Motion To Set Aside Judgment)).[1] For the reasons discussed below, this case is due to be remanded for lack of subject matter jurisdiction.

## II. SUBJECT MATTER JURISDICTION

Unlike state courts, federal tribunals are bodies of limited jurisdiction, meaning that the grounds for the Court's jurisdiction over the claims asserted by the plaintiff must be present at the time the complaint is filed and must be obvious on the face of the complaint. FED. R. CIV. P. 8(a). The law is clear that Ms. Guerrier, the party seeking to invoke federal jurisdiction in this case, has the burden to demonstrate that the Court has subject matter jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936) ("They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor …. [and a]s he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court.").

Further, "a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.,* 206 F.3d 1398, 1400-01 (11th Cir. 2000). Consequently, the Court cannot ignore jurisdictional concerns even if the parties have none. Relatedly, the Court is

---

[1] All page references to Doc. 5 correspond with the Court's CM/ECF numbering system.

equipped with the power to order a *sua sponte* remand when it finds the absence of subject matter jurisdiction.

## III. ANALYSIS

Whenever a defendant removes a case to federal court, the primary jurisdictional statutes that are invoked are 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity). Here, Ms. Guerrier has vaguely mentioned both as bases for this Court's exercise of subject matter jurisdiction. (Doc. 5 at 2). However, because both the Notice and Amended Notice are so deficient, the Court cannot verify the existence of subject matter jurisdiction under either avenue.

### A. Ms. Guerrier Has Not Shown Diversity Jurisdiction.

Turning to § 1332 first, "[d]iversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Therefore, removal jurisdiction based upon diversity requires: (1) complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount-in-controversy requirement.

Here, Ms. Guerrier has not provided any information about the citizenship of the parties, much less established that this lawsuit is between citizens of different

states. Further, because the underlying complaint is not attached to the Notice or the Amended Notice, the Court cannot evaluate whether the amount-in-controversy component is satisfied. Therefore, Ms. Guerrier has not established the presence of diversity jurisdiction to support her removal.

### B. Ms. Guerrier Has Not Shown Federal Question Jurisdiction.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1331, federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856, 77 L. Ed. 2d 420 (1983). Thus, to sustain federal question jurisdiction in this case, Ms. Guerrier must demonstrate either: (1) the existence of a federal law that potentially creates a cause of action for Waverly Place based on the allegations of its complaint, or (2) that disposition of this case, as alleged by Waverly Place, depends on the resolution of a substantial federal question.

Ms. Guerrier has met neither one of these standards. Instead, federal question jurisdiction is simply stated, but not explained at all. (Doc. 5 at 2). Further, federal

question jurisdiction cannot be created by anything outside of the complaint which critical document (as noted above) Ms. Guerrier has omitted from her removal papers. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986) ("Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b), moreover, the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'").

## IV. CONCLUSION

Therefore, Ms. Guerrier has not carried her burden of demonstrating the existence of subject matter jurisdiction, and this case cannot remain in federal court. Consequently, by separate Order, this lawsuit is due to be remanded to the District Court of Madison County, Alabama, where it was originally filed.

**DONE** this the 1st day of December, 2017.

                                             **VIRGINIA EMERSON HOPKINS**
                                             United States District Judge